**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**OBLEE STEMBRIDGE, #450579**

    **Petitioner,**

                                            Civil No: 06-CV-10911
                                            Honorable Gerald E. Rosen
                                            Magistrate Judge Steven D. Pepe

**v.**

**BARRY DAVIS**,

    **Respondent.**

___

## OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Respondent filed its "Answer in Opposition to Petition for Writ of Habeas Corpus." Petitioner is a state prisoner currently confined at Chippewa Correctional Facility in Kincheloe, Michigan and asserts that he is in custody in violation of his constitutional rights. Petitioner's present custodian is Jeri-Ann Sherry, however, when he filed his petition, Petitioner was confined at Newberry Correctional Facility, where Barry Davis was his custodian. Petitioner was convicted in Oakland County Circuit Court of first-degree criminal sexual conduct involving the sexual assault of his 8 year-old stepson. He was sentenced to fifteen to fifty years' imprisonment.

Petitioner raises three claims for habeas review: (1) whether Petitioner received ineffective assistance of counsel when he failed to challenge the admission of evidence regarding Petitioner's alleged prior bad acts and the circumstances surrounding the victim's juvenile incarceration; (2) whether the trial court erred in its admission of evidence regarding Petitioner's alleged prior bad

acts; and (3) whether the trial court erred in its admission of evidence regarding the victim's juvenile incarceration. Respondent argues that Petitioner's first claim of ineffective assistance of counsel is without merit because his second claim regarding inadmissible prior bad act evidence is not cognizable upon habeas review, and his third claim of inadmissible evidence regarding the victim's juvenile incarceration is barred by the doctrine of invited error.

Upon review of the pleadings and for the reasons set forth below, the Court will deny Petitioner's request for habeas relief.

## II. Statement of Facts

The testimony at trial revealed that following an altercation between the mother of Petitioner's eight year-old stepson (the victim) and the Petitioner, the mother left the home for a while. While she was gone, Petitioner's stepson was walking around the house sucking his thumb. Petitioner angrily demanded that the stepson remove the thumb from his mouth or Petitioner would give him "something to suck on." Tr. dated 3/6/03, pg. 93. Petitioner then called his stepson into a bedroom where he forced his stepson to perform oral sex upon him. The incident was short and Petitioner did not ejaculate. The stepson did not immediately report the incident and stated that the reason was due to his fear that Petitioner would bring harm to his mother and his two siblings, a younger sister and an older brother. The stepson eventually told his grandmother, who had passed away prior to trial.

Five years later, when the stepson was thirteen years old, he sexually assaulted two female cousins, ages eight and nine years-old. As a result, he was sent to Star Commonwealth, a juvenile detention facility. During his stay, there, he became close with one of the youth specialists, Mr. Adonikam Crumbsy. The stepson confided in Mr. Crumbsy about the sexual assault perpetrated

2

upon him by Petitioner, and Mr. Crumbsy reported the incident to the proper authorities. Sometime thereafter, the stepson's residence was moved to the Maxey Training School.

Petitioner did not testify at trial.

### III. Procedural History

Following his conviction and sentencing, Petitioner filed a direct appeal of right with the Michigan Court of Appeals raising the same above referenced issues presently before the Court for habeas review. On February 10, 2005, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Stembridge,* 2005 WL 321012, (Mich. Ct. App. Feb. 10, 2005). Following the state appellate court's decision, Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same three issues presented to the Michigan Court of Appeals and this Court. The Michigan Supreme Court denied leave to appeal, indicating that it was not persuaded that the issues presented should be reviewed. *People v. Stembridge,* 473 Mich. 885, 699 N.W.2d 794 (Mich. July 26, 2005) (Table).

Petitioner thereafter filed his federal petition for writ of habeas corpus asserting the same above referenced issues. Respondent argues that Petitioner's first claim of ineffective assistance of counsel claim is without merit because his second claim regarding inadmissible prior bad act evidence is not cognizable upon habeas review, and his third claim of inadmissible evidence regarding the victim's juvenile incarceration is barred by the doctrine of invited error.

### IV. Standard of Review

Petitioner is entitled to writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determinate of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. §2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-23 (2000). "Avoiding these pitfalls doesn't require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002)(per curiam opinion) (emphasis in original). "Further, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1)." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004).

## V. Discussion

### A. Procedural Default

As an initial matter, Respondent asserts that Petitioner's admissibility of evidence claims are subject to dismissal because they are procedurally defaulted. In this case, in order for the doctrine of procedural default to apply, there must be a firmly established state procedural rule that is

4

applicable to Petitioner's claim and which Petitioner failed to follow. *Warner v. United States,* 975 F.2d 1207, 1213-14 (6th Cir. 1992). The state procedural rule in question here is the preservation rule, or the contemporaneous objection rule, which states that a criminal defendant must present a claim to the trial court for consideration in order to preserve the claim for appellate review. *People v. Grant,* 445 Mich. 535, 546 (1994). Respondent alleges that Petitioner failed to preserve the following issues for appellate review: (1) whether the trial court erred in its admission of evidence regarding Petitioner's alleged prior bad acts; and (2) whether the trial court erred in its admission of evidence regarding the victim's juvenile incarceration. Specifically, Petitioner claims that it was error for the trial court to allow into evidence Petitioner's prior abusive conduct toward the victim's mother and evidence about the victim's incarceration in more than one juvenile detention facility.

The Court recognizes that Petitioner is in procedural default relative to both of the above referenced issues. In this case, the last state court to issue a reasoned opinion addressing these issues held that the claims were not preserved for review because counsel failed to object to the prosecutor's conduct at trial. *People v. Stembridge,* 2005 WL 321012, at *1, *4. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Petitioner's issues regarding Petitioner's prior bad acts and the victim's juvenile incarceration evidence, therefore, are procedurally defaulted. The Court, however, need not address the procedural default issue here.

While the procedural default doctrine precludes habeas relief on a defaulted claim, the procedural default doctrine is not jurisdictional. *Trest v. Cain,* 522 U.S. 87, 89 (1997); *Howard v. Bouchard,* 405 F.3d 459, 476 (6th Cir. 2005). Thus, while the procedural default issue would ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits of [a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999)(internal citations omitted); see also *Lambrix v. Singletary,* 520 U.S. 518, 524-25 (1997); *Ferensic v. Birkett,* 451 F.Supp.2d 874, 887 (E.D. Mich. 2006). The Court deems it more efficient in this case to proceed directly to the merits of the petitioner's claims.

### 1. Prior Bad Acts

Petitioner contends that the trial court erred in allowing the admission of prior bad acts evidence to be heard by the jury and taken into consideration during their deliberations on this matter. Specifically, Petitioner complains about evidence that was admitted at trial regarding Petitioner's prior threats of violence against his step-children and the domestic violence abuse the victim's mother suffered at the hand of Petitioner. The state court of appeals determined that the trial court did not err in admitting the evidence. It held as follows:

> We hold that the trial court did not err in admitting the testimony regarding defendant's abuse of the victim's mother. First, the prosecutor offered the evidence for a proper purpose. A proper purpose is a non-character purpose. *People v. Ortiz,* 249 Mich. App. 297, 305; 642 N.W.2d 417 (2001), citing *People v. Starr,* 457 Mich. 490; 496; 577 N.W.2d 673 (1998) . . . It was offered to explain the victim's delay in disclosing the sexual assault and to provide the content of the disputed events.
>
> Second, the evidence is relevant to a material fact at issue.
>
> The evidence is relevant to the victim's credibility because it explains his delayed disclosure of the sexual assault. The victim's mother testified that her children did not like defendant "because they used to see him beat on me all the time." Initially,

> the eight year-old victim did not tell anyone about the sexual assault because he was worried about what defendant would do to his mother. The victim did not believe that the police would help him because the police had never helped his mother when they were called regarding defendant's abuse. Expert testimony was presented that children frequently do not disclose sexual abuse when they have witnessed domestic violence, especially if the perpetrator is violent and lives in the home. Thus, the testimony regarding defendant's abuse of the victim's mother tends to make the victim's testimony more credible as it explains his delayed disclosure of defendant's sexual abuse.
>
> Similarly, the evidence is relevant to provide the full context of the sexual assault. A party should "be able to give the jury an intelligible presentation of the full context in which the events took place." *People v. Sholl,* 453 Mich. 730, 741; 556 N.W.2d 851 (1996). Defendant's violence toward the victim's mother provides the context of the progression of events that culminated in defendant's sexual assault of the victim. On the day in question, defendant attempted to fight with the victim's mother and chased her around the kitchen . . . [Defendant said] that if she tried to leave the apartment, he would cut the children's throats. Later that evening, after the victim's mother left the apartment, defendant sexually assaulted the victim. In this respect, the evidence is also relevant to defendant's potential motive for the sexual assault, i.e., defendant was carrying out his previous threat that he would harm the victim's children if she left the apartment. Establishing motive is one of the purposes for which bad acts evidence is expressly admissible. MRE 404(b)(1)
>
> Third, the probative value of the bad acts evidence was not substantially outweighed by unfair prejudice . . . The trial court was able to make a contemporaneous assessment of the presentation, credibility and effect of the testimony and, in denying defendant's motion for a new trial found that the evidence was not prejudicial.

*People v. Stembridge,* 2005 WL 321012, at *2, *3.

It is well-established that "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). The Sixth Circuit has held that "[i]n a habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith,* 663 F.2d 22, 22-23 (6th Cir. 1981). "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir.2003). "Habeas review does not encompass state court rulings on the admission of evidence unless there

7

is a constitutional violation." *Clemmons v. Sowders,* 34 F.3d 352, 357 (6th Cir. 1994). The United States Supreme Court has never held that evidence tending to prove criminal propensity violates due process. *Estelle v. McGuire,* 502 U.S. at 75 n. 5. In fact, such evidence is allowed in sexual assault cases under the Federal Rules of Evidence. See Fed. R. Evid. 413. Therefore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of prior bad acts evidence." *Bugh v. Mitchell,* 329 F.3d at 512. In addition, Petitioner has failed to show that the trial court's decision to admit this evidence resulted in a violation of his constitutional rights. Accordingly, Petitioner is not entitled to habeas relief with respect to this claim.

## 2. Admissibility of Evidence Re: Victim's Juvenile Detention

Petitioner maintains that the victim's testimony that he was incarcerated, at the time of trial, at the Maxey Training School because he committed a sexual assault upon his two female cousins, ages eight and nine years-old, was prejudicial and irrelevant. Petitioner asserts that the prosecution used the victim's incarceration as a resulting consequence of the alleged sexual assault perpetrated by the Petitioner upon the victim when he was eight years-old. The Court does not find this argument persuasive for two reasons.

First, the doctrine of invited error is applicable in this case. "The doctrine . . . refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the court or the opposite party to commit." *United States v. Sharpe,* 996 F.2d 125, 129 (6th Cir. 1993).

> The doctrine of 'invited error' is a branch of the doctrine of waiver in which courts prevent a party from inducing an erroneous ruling and later seeking to profit from the legal consequences of having the ruling set aside. When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error.

8

*Fields v. Bagley,* 275 F.3d 478, 485-86 (6th Cir. 2001). The record clearly reflects that Petitioner first raised the issue of the victim's juvenile delinquency and that he was being housed at a juvenile detention facility. Reference is first made to the issue during Petitioner's opening statement. Tr., dated 3/6/03, pg 66. Petitioner raised the issue in more detail by: (1) naming both Star Commonwealth and the Maxey Training School as facilities in which the victim has resided, during his cross-examination of the victim; (2) inquiring about the programs and the length of the victim's stay; and (3) inquiring about the circumstances which brought the victim to become a resident at the two facilities. *Id.* at 108-15. Finally, Petitioner raised the issue during his closing argument. Tr., dated 3/7/03, pp. 21-31. Therefore, Petitioner has waived habeas review of this claim under the doctrine of invited error.

> Second, the Court agrees with the state court of appeals on direct appeal when it stated:
>
> In denying defendant's motion for a new trial, the trial court stated, "it is clear that this evidence was elicited by defense counsel as trial strategy to discredit the victim." Defense counsel elicited information regarding the facts of the victim's incarceration and argued that the victim fabricated the incident after he was sent to the juvenile detention facility for sexually assaulting his cousins.
>
> A party waives review of the admission of evidence which he introduced, or which was made relevant by his won placement of the matter in issue. *People v. Knapp,* 244 Mich. App. 361, 378; 624 N.W.2d 227 (2001). "Thus, any testimony elicited by the prosecutor regarding this issue was relevant to the issues raised by the defendant. A defendant will not be heard to introduce and use evidence to sustain his theory at trial and then argue on appeal that evidence was prejudicial or denied him a fair trial." *Id..,* citing, *People v. Green,* 228 Mich. App. 684, 691; 580 N.W.2d 444 (1998). Defendant waived this issue on appeal, and therefore, any error is extinguished. *People v. Carter,* 462 Mich. 206, 209; 612 N.W.2d 144 (2000).

*People v. Stembridge,* 2005 WL 321012, at *4. Accordingly, the Court does not find that Petitioner's claim about the prejudicial nature of facts surrounding the victim's juvenile detention warrants habeas relief.

9

### B. Ineffective Assistance of Counsel

Petitioner next contends that he was deprived of the effective assistance of counsel due to two alleged shortcomings of his trial attorney: (1) his failure to challenge the above referenced prior bad act evidence; and (2) his failure to challenge the above referenced juvenile incarceration of the victim. The Court rejects Petitioner's contention that he was denied effective assistance of counsel. To "establish ineffective assistance of counsel, petitioner must show that : (1) counsel's errors were so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry [i.e., deficient performance and prejudice] if the defendant makes an insufficient showing on one." *Id.*

Since the Court does not agree, as set forth above, that it was error for the trial court to admit into evidence testimony regarding Petitioner's alleged prior bad acts nor the evidence regarding the incarceration details relative to the victim's juvenile detention, it likewise cannot find that trial counsel was deficient in his failure to object to the admission of that evidence. Petitioner has also failed to demonstrate how the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent.

Therefore, Petitioner's ineffective assistance of counsel claim does not warrant habeas relief in this matter.

## VI. Conclusion

Accordingly,

IT IS HEREBY ORDERED that the Petitioner for Writ of Habeas Corpus [Doc. #1-1, filed March 1, 2006] is **DENIED**.

                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2008, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager