# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**OBLEE STEMBRIDGE, #450579**

    Petitioner,

                              Civil No: 06-CV-10911
                              Honorable Gerald E. Rosen
                              Magistrate Judge Steven D. Pepe

v.

**BARRY DAVIS**,

    Respondent.
_____/

## OPINION & ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

I. Introduction

This matter is presently before the Court on Petitioner's notice of appeal and motion for leave to proceed on appeal *in forma pauperis* concerning the Court's denial of his petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner was convicted in Oakland County Circuit Court of first-degree criminal sexual conduct involving the sexual assault of his 8 year-old stepson. He was sentenced to fifteen to fifty years' imprisonment.

II. Standard of Review

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. §§2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. See 28 U.S.C. §2253(c)(3); Fed. R. App. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. §2253(c)(3). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.

Where the petition is dismissed on procedural grounds, without addressing the claim's merits, the petition must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.;* quoting *Barefoot v. Estelle,* 463 U.S. 890, 898 n. 4 (1983).

III. Discussion

Petitioner raised three claims for habeas review: (1) whether Petitioner received ineffective assistance of counsel when he failed to challenge the admission of evidence regarding Petitioner's alleged prior bad acts and the circumstances surrounding the victim's juvenile incarceration; (2) whether the trial court erred in its admission of evidence regarding Petitioner's alleged prior bad acts; and (3) whether the trial court erred in its admission of evidence regarding the victim's juvenile incarceration. The Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right to his habeas claims. The Court also concludes that jurists of reason would not find the Court's assessment of the foregoing claims debatable or wrong. Therefore, Petitioner

2

has failed to show that a certificate of appealability is warranted in this case. However, Petitioner has shown that he should be granted leave to proceed on appeal *in forma pauperis.* The Court will address four points.

### A. *Certificate of Appealability*

First, the Court found that two of Petitioner's claims: (1) alleged trial court error in its admission of evidence regarding Petitioner's alleged prior bad acts; and (2) alleged trial court error in its admission of evidence regarding the victim's juvenile incarceration, were procedurally defaulted. However, instead of dismissing these claims on procedural grounds, the Court deemed it more efficient to address the merits of Petitioner's issues in the interest of judicial economy.

Second, Petitioner argued that the trial court erred in allowing the admission of prior bad acts evidence to be heard by the jury and taken into consideration during their deliberations on this matter. Specifically, Petitioner complained about evidence that was admitted at trial regarding Petitioner's prior threats of violence against his step-children and the domestic violence abuse the victim's mother suffered at the hand of Petitioner. The Michigan Court of Appeals determined that the trial court did not err in admitting the evidence because: (1) it was offered to explain the victim's delay in disclosing the sexual assault and to provide the content of the disputed events; (2) it was offered to establish the credibility of the victim; and (3) the probative value of the bad acts evidence was not substantially outweighed by unfair prejudice.

It is well-established that "federal habeas corpus review does not lie for errors of state law;" and the United States Supreme Court has never held that evidence tending to prove criminal propensity violates due process. *Estelle v. McGuire,* 502 U.S. 62, 67, 75 n.5 (1991). In fact, such evidence is allowed in sexual assault cases under the Federal Rules of Evidence. See Fed. R. Evid.

3

413. Therefore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of prior bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir.2003).

Third, Petitioner claimed that the victim's testimony that he was incarcerated, at the time of trial, at the Maxey Training School because he committed a sexual assault upon his two female cousins, ages eight and nine years-old, was prejudicial and irrelevant. Petitioner asserts that the prosecution used the victim's incarceration as a resulting consequence of the alleged sexual assault perpetrated by the Petitioner upon the victim when he was eight years-old. The Michigan Court of Appeals determined that since Petition introduced the evidence which he now objects to, he waived review of the admission of that evidence because he made it relevant by placing the matter in issue. The Court agreed finding that the doctrine of invited error was applicable and precluded Petitioner from seeking habeas corpus relief for that alleged error. Accordingly, the Court did not find that the Michigan Court of Appals' decision was contrary to or an unreasonable application of Supreme Court precedent nor that Petitioner's claim about the prejudicial nature of facts surrounding the victim's juvenile detention warranted habeas relief.

Finally, Petitioner asserted that he was deprived of the effective assistance of counsel due to two alleged shortcomings of his trial attorney: (1) his failure to challenge the above referenced prior bad act evidence; and (2) his failure to challenge the above referenced juvenile incarceration of the victim. The Court rejected Petitioner's contention that he was denied effective assistance of counsel for the above stated reasons. Since the Court did not agree that it was error for the trial court to admit into evidence testimony regarding Petitioner's alleged prior bad acts nor the evidence regarding the incarceration details relative to the victim's juvenile detention, it likewise could not

4

find that trial counsel was deficient in his failure to object to the admission of that evidence. Therefore, the Court found that Petitioner also failed to demonstrate how the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent; and habeas relief was denied. For the above stated reasons the Court concludes that Petitioner has failed to show that a certificate of appealability is warranted in this case.

### B. In Forma Pauperis on Appeal

Also before the Court is Petitioner's request to pursue this matter *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, *3 (N.D. Ill. Jan. 4 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir. 2000). While the Court finds that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court therefore, shall grant Petitioner's request to pursue this matter *in forma pauperis* on appeal.

VI. Conclusion

Thus, in light of the evidence presented at trial, the Court's resolution of these issues is not debatable among reasonable jurists, and Petitioner is therefore not entitled to a certificate of appealability on these claims. However, Petitioner may proceed *in forma pauperis* on appeal.

Accordingly,

IT IS ORDERED that Petitioner's "Notice of Appeal" [Dkt. #24] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed With an Appeal Without Prepayment of Fees and Costs" [Dkt. #25] is GRANTED.

      s/Gerald E. Rosen
      Gerald E. Rosen
      United States District Judge

Dated: July 2, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2008, by electronic and/or ordinary mail.

      s/LaShawn R. Saulsberry
      Case Manager